IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZOOBUH, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CUPID.COM, INC., a Delaware company; EMARKETCOUPONS.COM, an unknown business entity; FTD.COM, INC, an Illinois company; LEAD SERVICE GROUP, INC., a California company; MICAH THOMPSON, an individual; SCOOP INTERACTIVE, LLC, a California company; THOMPSON AND COMPANY, INC., a Florida company; TRIANGLE MEDIA CORP., a Delaware company; WILLIAM "BILL" WAGGONER, an individual; ZEUS MEDIA, a California company; DOES 1-40,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT<br><br><br>Case No. 2:13-CV-791 TS<br><br>District Judge Ted Stewart |

    This matter is before the Court on Plaintiff's Motion for Entry of Judgment Against Zeus Media[1] and Plaintiff's Motion for Entry of Judgment Against Defendant Lead Service Group, Inc.[2] For the reasons discussed below, the Court will deny the Motions without prejudice.

I.  BACKGROUND

    Plaintiff filed its Complaint against Defendants on August 26, 2013, and filed its First Amended Complaint on September 4, 2013. The First Amended Complaint brings four claims against all Defendants for violations of the CAN-SPAM Act and one claim against Defendants

---

[1] Docket No. 72.

[2] Docket No. 73.

1

Cupid.com, Inc. ("Cupid"), emarketcoupons.com ("emarketcoupons"), Lead Service Group, Inc. ("Lead Service"), Scoop Interactive, LLC ("Scoop Interactive"), Triangle Media Corp. ("Triangle Media"), William "Bill" Waggoner ("Waggoner"), and Zeus Media ("Zeus") for a violation of the CAN-SPAM Act.

On October 11, 2013, the Clerk of Court entered a default certificate against Defendant Zeus Media. On November 13, 2013, Defendants FTD.com, Inc. and Triangle Media were dismissed from the suit. On December 16, 2013, the Clerk of Court entered a default certificate against Defendant Lead Services. On December 23, 2013, the Court granted Plaintiff leave to amend its First Amended Complaint, in part to allow Plaintiff to remove the dismissed Defendants from the Complaint; Plaintiff has not yet filed the amended complaint. On January 8, 2014, Defendant Thompson and Company, Inc. was dismissed from the suit. On January 23, 2014, Defendant Cupid was dismissed from the suit. On April 3, 2014, Defendant Scoop Interactive was dismissed from the suit.

On April 21, 2014, Plaintiff moved for default judgment against Defendants Zeus Media and Lead Services, seeking damages in the amount of $5,688,585.00 from Zeus Media and $200,655.00 against Lead Services.

On May 28, 2014, the Court issued an Order to Show Cause as to why Defendants emarketcoupons, Micah Thompson, and Waggoner should not be dismissed from the suit because it appeared that these Defendants had not been served. In its response, Plaintiff indicated that it was actively undergoing efforts to serve process on emarketcoupons and Micah Thompson, and that Waggoner had been served on June 2, 2014.

On June 5, 2014, Plaintiff moved for leave to amend the First Amended Complaint, in part to name Thrive Marketing Group in place of Defendant Doe 1.

## II. DISCUSSION

Upon entry of default, the court may enter judgment against a defendant.[3] But the court will not enter default judgment if doing so creates a risk of inconsistent judgment against the remaining defendants. "'[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.'"[4] "[J]ust as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors."[5] As a result, the rule against imposing default judgment on less than all jointly liable defendants likely also "extend[s] to situations in which several defendants have closely related defenses."[6]

Here, Plaintiff's claims against all Defendants are closely related. For the most part, Plaintiff's First Amended Complaint does not attempt to differentiate which claims are asserted against which Defendants, and four of Plaintiff's five claims are against "Defendants" as a

---

[3] Fed. R. Civ. P. 55.

[4] *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2690, at 455–56 (2d ed. 1983)) (describing the general rule articulated in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)).

[5] *Id.* at 148.

[6] 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (3d ed. 2005).

whole. Therefore, the Court finds that default judgment is inappropriate until the claims against all Defendants have been resolved.

III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Entry of Judgment Against Zeus Media (Docket No. 72) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Plaintiff's Motion for Entry of Judgment Against Defendant Lead Service Group, Inc. (Docket No. 73) is DENIED WITHOUT PREJUDICE.

DATED June 6, 2014.

BY THE COURT:

Ted Stewart
United States District Judge